UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOULEVARD VENTURES,<br>                Plaintiff(s),<br>vs.<br>J.C. PENNEY COMPANY, INC., et al.,<br>                Defendant(s). | Case No. 2:15-cv-01010-GMN-NJK<br>ORDER<br>(Docket No. 22) |

Pending before the Court is a stipulation to extend various deadlines. Docket No. 22. The stipulation is defective in several ways. First, the stipulation was filed on October 5, 2015, and seeks to extend the initial expert disclosure deadline, which currently expires on October 7, 2015. *See* Docket No. 22 at 2. When a request to extend a deadline is filed less than 21 days before that deadline's expiration, a showing of excusable neglect must be made in addition to the showing of good cause. *See, e.g.*, Local Rule 26-4. The stipulation provides no discussion of excusable neglect.

Second, it appears that the extension requested was necessitated by the parties' decision to forego their discovery obligations while they attempted to settle the case. *See* Docket No. 22 at 1, 2. As a result, it appears the parties have conducted essentially no discovery since the scheduling order was entered in July. *See* Docket No. 22 at 1. The case law is abundantly clear that the parties' decision to forego discovery while they attempt to settle a case is not good cause to extend deadlines in the scheduling order. *See, e.g.*, *United States v. Jaynes Corp.*, 2015 U.S. Dist. Lexis 82928, *3 (D. Nev. June 22, 2015) (collecting cases). Similarly, to the extent the parties had an agreement that they would

extend discovery in the event settlement discussions were not fruitful, any such informal stipulation was not effective absent court approval. *See* Local Rule 7-1(b).

In light of the above, the pending stipulation is hereby **DENIED** without prejudice.

IT IS SO ORDERED.

DATED: October 6, 2015

_____
NANCY J. KOPPE
United States Magistrate Judge

2