JAMES E. SMYTH II
Nevada Bar No. 6506
ANTHONY J. CELESTE
Nevada Bar No. 8776
KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone: (702) 792-7000
Fax: (702) 796-7181
jsmyth@kcnvlaw.com
aceleste@kcnvlaw.com

Attorneys for
GENERAL GROWTH PROPERTIES, INC.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| BOULEVARD VENTURES, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>J.C. PENNEY COMPANY, INC., a Delaware corporation; and J.C. PENNEY CORPORATION, INC., a Delaware corporation,<br><br>Defendants. | Case No. 2:15-CV-01010-GMN-NJK<br><br>**PROTECTIVE ORDER REGARDING PRODUCTION IN RESPONSE TO SUBPOENA AND DOCUMENTS TO BE PRODUCED IN THE CASE** |

      Boulevard Ventures, LLC ("Plaintiff") served a subpoena dated October 28, 2015 ("Subpoena") to obtain, inspect and copy documents and/or things General Growth Properties, Inc. ("GGP") contends contain private or proprietary information. Plaintiff and J.C. Penney Company, Inc. and J.C. Penney Corporation, Inc. (collectively the "Defendants" and together Plaintiff and Defendants are the "Parties" and individually a "Party"). Further, Plaintiff and Defendants have also propounded written discovery requests upon one another, which the Parties contend seek private or proprietary information and anticipate seeking additional information

1724601v1 16628.9

1  from one another through discovery in this case. GGP and the Parties stipulate and agree that the
2  handling of confidential material shall be governed pursuant to the provisions set forth herein.
3  As such, the Court hereby enters the following Order for Protection ("Protective Order"):
4      (a)   <u>Confidential Information</u>. For the purposes of this Order, "Confidential
5  Information" shall mean and refer to all information disclosed by either GGP or the
6  Parties which is marked or otherwise identified as confidential or proprietary in response
7  to the Subpoena, written discovery requests, and information and documents disclosed
8  and produced pursuant to Fed. R. Civ. 26, including lease documents, rent rolls, or other
9  documents related to the Boulevard Mall located at 3600 Maryland Parkway, Las Vegas,
10 Nevada ("Mall"), and any information that is marked or otherwise identified as
11 confidential or proprietary within thirty (30) days of the entry of this Order, or if
12 disclosed after that point, marked or otherwise identified as confidential or proprietary at
13 the time of disclosure *and shall include, without limitation, the following information*
14 *which shall be deemed confidential <u>whether or not so marked</u>*:
15        (i)   information from GGP relating to the development strategies,
16 documents concerning projects, term sheets, acquisition agreements, draft
17 acquisition agreements, offtakers, financial projections and any similar
18 information related to GGP's projects, the Parties' businesses, the Mall, tenants,
19 customers, or properties;
20        (ii)   trade secrets, ideas, techniques, sketches, drawings, works of
21 authorship, design details and specifications, models, inventions, know-how,
22 processes, apparatuses, equipment, algorithms, and other intellectual property
23 rights of GGP;

KAEMPFER CROWELL RENSHAW
GRONAUER & FIORENTINO
1980 Festival Plaza Dr.
Suite 650
Las Vegas, Nevada 89135

1724601v1 16628.9

   (iii) information from GGP regarding research, development, new products and services, business plans and forecasts, budgets and unpublished financial information, customers, investors, marketing plans, selling plans and arrangements, and suppliers;

   (iv) information from GGP regarding the leasing, attempted leasing, negotiations for leases, lease agreements, amendments to lease agreements, and notices of lease termination related to the Mall and tenants in the Mall;

   (v) information from GGP regarding the sale of merchandise and products by the Parties in the Mall;

   (vi) financial records of the Parties related to their respective business operations at the Mall, including but not limited to balance sheets, check registers, profit/loss statements, income statements, income tax returns, business tax returns, cash flow analyses, rent rolls, and other financial accounting records;

   (vii) the existence of, and the contents of, any business discussions, negotiations or agreements, including draft agreements, with GGP; and

   (viii) any information pertaining to employees, contractors or other agents of GGP.

  (b) <u>Non-Disclosure and Non-Use of Confidential Information</u>. Each Party shall hold in strict confidence all Confidential Information of GGP and the other Party. Each Party may only use GGP's Confidential Information and the other Party's Confidential Information for the purposes of the Action, and each Party shall not make use of, reproduce or in any way disclose any such Confidential Information to any third party that is not such Party's representative. "Representative" shall mean such Party's

directors, officers, employees, attorneys (including outside counsel), accountants, financial advisors, auditors, experts, consultants and agents:

  (i)  who need to know such Confidential Information in connection with the Action,

  (ii)  who are either bound by a professional obligation to hold in confidence all information that would be disclosed to them or are bound by a document containing restrictions on disclosure and use similar to that contained herein.

Each Party shall be responsible for any violation of such restrictions by any of its representatives, and any unpermitted disclosure or other violation of this Order by any representative of a Party shall be deemed made by such Party.

  (c)  Information identified as "Confidential" may be used only in connection with this Action, and not for any other purpose. Such information may not be disclosed to anyone except as provided in this Order and any receiving party shall exercise due care regarding its storage, custody and use.

  (d)  Any documents and/or other information identified "Confidential," as well as any copies or excerpts thereof, or analyses or reports that pertain thereto, may be made available only to:

  (i)  The receiving Party, attorneys of record for the receiving Party, its employees and other attorneys and/or employees of their firms;

  (ii)  Judges, the Court and jury, law clerks, court reporters, and other clerical personnel of the Court before which this Action pending, including Appellate Judges, Appellate Courts, Appellate law clerks and other clerical personnel;

    (iii) Experts associated either directly or indirectly with a Party whom the receiving Party identifies, including expert or consultants who are not formally identified in the Action.

  (e) Each person permitted by the Parties or its counsel to have access to the confidential information under the terms of this Order shall, prior to being given such access, be provided with a copy of this Order for review. Upon receiving this Order, each person shall sign a statement in the form of **Exhibit A** hereto indicating that he has read the Order and agrees to comply with its terms.

  (f) <u>Exceptions</u>. The terms above shall not apply to any portion of Confidential Information which a Party can demonstrate with competent evidence:

    (i) Was already rightfully in a receiving Party's possession and subject to free disclosure at the time it was communicated to the receiving Party by GGP or the other Party;

    (ii) Is or becomes generally available to the public through no act or default on the part of receiving Party or that of its representatives; and/or

    (iii) Was developed by receiving Party or its representatives independent of and without reference to any information that GGP or the other Party communicated to the receiving Party.

Notwithstanding anything to the contrary in this Order, if any Confidential Information is required to be disclosed by law or the order of any court or other governmental body, a receiving Party may disclose such Confidential Information to the extent so required; <u>provided</u>, that receiving Party shall promptly provide prior written notice to GGP or the other Party in advance of any such required disclosure. The disclosing Party may request a protective order preventing or limiting the disclosure and/or requiring that the

Confidential Information so disclosed be used only for the purposes for which the law or regulation required, or for which the order was issued. In the event the Party is not able to obtain a protective order or other similar remedy, the receiving Party shall furnish only that portion of the Confidential Information that is lawfully required to be furnished by the court order, subpoena, civil investigative demand, regulatory authority or similar process or authority, as applicable.

(g) ~~Any document or evidence filed with the Court or submitted to the Judge which is designated as containing "Confidential" information shall be filed in a sealed envelope or other appropriate sealed container marked on the outside with the title of the action, and a statement substantially in the following form:~~

> ~~"CONFIDENTIAL" This document is subject to a PROTECTIVE ORDER issued by the Court and may not be examined or copied except in compliance with that Order.~~

*[See order issued concurrently herewith]*

(h) In the event that a party or non-party inadvertently fails to designate any document, thing or information as "Confidential," it may later designate such document, thing or information by notifying the attorneys of record for all receiving parties in writing, identifying the particular documents, things or information it wishes to designate and the appropriate designation. Attorneys of record for the receiving Party shall thereafter:

(i) use reasonable efforts to retrieve all such particular documents, things or information and all copies thereof,

(ii) mark the particular documents, things or information, and all copies thereof, with the appropriate legend, and

(iii) treat the document, thing or information, and all copies thereof, in accordance with the designation.

> The parties must engage in a good faith personal consultation prior to filing a request for relief with the Court. *Cf.* Local Rule 26-7(b).

(i) If, at any time, any Party believes that any other Party or non-party has unreasonably designated certain information as "Confidential" and the producing Party does not agree to change the designation or to further disclosure, the objecting Party may make an appropriate application to this Court seeking appropriate relief regarding the matter, provided that if any of the information marked Confidential was originally produced by GGP or the other Party, that GGP or the other Party be provided notice of such requested relief.

(j) Any party may, within thirty (30) days of entry of this Order, provide the other Party with a list of documents previously produced which each Party is identifying as "Confidential" and/or may reproduce any documents previously produced appropriately marking any such documents as "Confidential." All such documents so marked shall be deemed to have been covered by this order from the moment of disclosure.

(k) This Order may only be modified by stipulation of Plaintiff, Defendants and GGP, or by Order of this Court.

(l) This Order will not prejudice the right of any Party or non-party to reasonably oppose the production of any information on the ground of attorney-client privilege, work product, immunity, trade secret status, or any other protection provided under the law.

(m) <u>Ownership of Confidential Information</u>. Each Party acknowledges and recognizes that any Confidential Information is and shall remain the property of GGP or the other Party (where applicable) and/or its affiliates, and the receiving Party further acknowledges and agrees that no right, title, license and interest in and to such

KAEMPFER CROWELL RENSHAW GRONAUER & FIORENTINO
1980 Festival Plaza Dr.
Suite 650
Las Vegas, Nevada 89135

1724601v1 16628.9

Page 7 of 10

1  Confidential Information is hereby granted to the receiving Party, its representatives or
2  any other Party.
3    (n) <u>Loss Mitigation</u>. The receiving Party will immediately notify GGP or the
4  other Party (where applicable) upon discovery of any loss or unauthorized disclosure of
5  the Confidential Information of GGP or the other Party.
6    This Court, having reviewed the attached Stipulation, and for good cause appearing:
7  DOES HEREBY ORDER, ADJUDGE AND DECREE that the Plaintiff and Defendants are to
8  abide by the terms of this Stipulated Protective Order.
9    DATED this __14th__ day of __December__, 2015.

_____
United States Magistrate Judge

13  Respectfully submitted by:
14  KAEMPFER CROWELL RENSHAW
  GRONAUER & FIORENTINO
15
16  JAMES E. SMYTH II
  ANTHONY J. CELESTE
17  1980 Festival Plaza Drive, Suite 650
  Las Vegas, Nevada 89135
18  **Attorneys for General Growth Properties**

19
20  SMITH & SHAPRIO

21  JAMES E. SHAPIRO
  SHELDON A. HERBERT
22  2520 St. Rose Parkway, Suite 220
  Henderson, Nevada 89074
23  **Attorneys for Plaintiff**
  **Boulevard Ventures, LLC**
24  LEWIS BRISBOIS BISGAARD & SMITH, LLP

1  /s/ David Avakian, Esq.
2  JOSH C. AICKLEN, ESQ.
   DAVID B. AVAKIAN, ESQ.
3  6385 S. Rainbow Blvd., #600
   Las Vegas, NV 89118
4  **Attorneys for JC Penney Company, Inc.
   And JC Penney Corporation, Inc.**
5
6  /s/ Diana Catherine Kays, Esq.
   DIANA CATHERIN KAYS, ESQ.
7  6501 Legacy Drive, MS 1122
   Plano, TX 75024
8  **Attorneys for JC Penney Company, Inc.
   And JC Penney Corporation, Inc.**

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT

1. I have been asked by _____ or its counsel to receive and review certain materials or testimony that have been designated as "Confidential," within the terms of the Protective Order entered in the action entitled *Boulevard Ventures, LLC v. J.C. Penney Company, Inc., J.C. Penney Corporation, Inc.,* United States District Court, District of Nevada, Case No. 2:15-cv-01010-GMN-NJK.

2. I have read the aforementioned Protective Order and agree to be bound by it.

3. I hereby agree to submit to the jurisdiction of the United States District Court, District of Nevada for enforcement of the undertaking I have made.

I declare the foregoing is true and correct under penalty of perjury and the laws of the State of Nevada and the Unites States of America.

DATED this _____ day of _____, 2015.

_____
(Signature)

_____
(Printed Name)